**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOSEPH PAPIN**                                                                                                **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:17-CV-763 CWR-FKB**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
LOU-ANN WOODWARD (official capacity); and
T. MARK EARL (individual capacity)**                      **DEFENDANTS**

---

**DEFENDANT DR. T. MARK EARL'S MOTION FOR QUALIFIED IMMUNITY
AND MOTION TO DISMISS AND TO STAY ALL DISCOVERY
PENDING RESOLUTION OF HIS IMMUNITY CLAIM**

---

      **COMES NOW,** Defendant, Dr. T. Mark Earl (hereinafter "Dr. Earl"), by and through his counsel of record, and files this his Motion to Dismiss, Motion for Qualified Immunity for all claims filed against him in his individual capacity, and his request to stay all discovery not related to the immunity issue.  This motion is filed pursuant to FRCP 12(b)(6) and the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi, Rule 16(b)(3)(B) and in support thereof would show unto the Court the following to wit:

      1.        Plaintiff Joseph Papin (hereinafter "Papin"), filed an amended complaint brought pursuant to 42 U.S.C. § 1983 against Dr. Earl in his individually and also a claim for breach of contract.  The Amended Complaint was filed in response to the Defendants' motion for the Plaintiff to be ordered to file a Rule 7(a) Reply to address issues of immunity.  The Amended Complaint alleges that Dr. Earl engaged in conduct that was violative of Papin's due process rights and retaliation under the First Amendment.

2.      Defendant Dr. Mark Earl avers that at all times during his contact with Plaintiff he acted in good faith and within his discretionary authority as an employee of the University of Mississippi Medical Center (hereinafter "UMMC"), an arm of the State of Mississippi. Furthermore, at all times complained of herein, Defendant Earl was acting in his official capacity as the Program Director for General Surgery at UMMC, and all actions taken by Dr. Earl were within the course and scope of his duties.

3.      Dr. Earl asserts his qualified immunity defense as to all federal claims filed against him in his individual capacity as no statutory or constitutional rights of Papin were violated.

4.      Government officials performing discretionary functions are protected from personal liability by the doctrine of qualified immunity "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

5.      To determine whether an official is entitled to qualified immunity from a suit alleging a constitutional violation, courts are required to conduct a two-step inquiry. First, the court must determine whether the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 823 (5th Cir. 2007).

6.      Even if it is determined that a constitutional right has been violated, the official will still be entitled to his defense of qualified immunity unless the court finds that "the official's conduct was objectively unreasonable in light of clearly established law at the time of the state

actions at issue." *McClendon*, 305 F.3d at 323. For a right to be "clearly established" for purposes of qualified immunity, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)) (internal quotation marks omitted).

7. "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

8. When qualified immunity is raised by a defendant in a motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

9. Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised:

> The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.

*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (internal quotation marks and citations omitted); see, e.g., *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir.1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)).

10. Plaintiff's factual allegations show that there was no violation of his due process rights and that he received more than the required due process for his dismissal as a medical resident from UMMC, and thereby do not state a claim for which relief can be granted and fail as a matter of law.

11. Even if Plaintiff's allegations factually state a claim, they are insufficient to show that Dr. Earl's actions were objectively unreasonable in light of clearly established law, and he is therefore entitled to qualified immunity as to the Plaintiff's due process claim.

12. Plaintiff has not alleged facts that establish he engaged in speech protected by the First Amendment, and therefore has failed to state a valid claim.

13. In the alternative, if this Court does find that he stated a claim, he has not alleged facts sufficient to overcome Dr. Earl's qualified immunity. Plaintiff alleges that Dr. Earl's decision to terminate him from the program occurred before he engaged in his alleged protected speech.

14. The allegations do not provide any specific conduct as to Dr. Earl which are violations of Plaintiff's constitutional rights, further, Dr. Earl should be relieved of answering any discovery until such time as the Court rules on his motion for qualified immunity and to dismiss. Plaintiff's assertions do not establish any violation of his constitutional rights, and they do establish that he received all process that was due and that he did not engage in any speech protected by the First Amendment.

15. In the alternative, discovery in this matter should be limited to the extent necessary to determine whether Dr. Earl has qualified immunity from suit in this matter. If after reasonable discovery on this issue, Plaintiff is unable to show that Dr. Earl performed his duties

in a constitutionally unreasonable manner, then Dr. Earl is entitled to qualified immunity and the suit against him in his individual capacity should be dismissed.

16. Plaintiff has failed to plead facts sufficient to allege a claim of breach of contract against Dr. Earl individually. All facts plead concerning the alleged breach of contract maintain that Dr. Papin's contract was between himself and UMMC, not Dr. Earl.

17. In support of this motion, Dr. Earl submits the following:

1) Notice letter dated July 5, 2017, attached hereto as Exhibit "A".

**WHEREFORE PREMISES CONSIDERED**, Defendant Dr. Earl requests that this Court grant the motion to dismiss and/or grant Dr. Earl's request for qualified immunity. Dr. Earl further requests to stay discovery in this matter pursuant to Local Rule 16(b)(3)(B), and to dismiss the claims against him in his individual capacity based on his qualified immunity if the Plaintiff is unable to meet his burden of showing Dr. Earl acted unreasonably under the circumstances.

RESPECTFULLY SUBMITTED, this the 8th day of February, 2018.

**T. MARK EARL (individual capacity)**

By:  */s/ Tommy Whitfield*
**TOMMY WHITFIELD, MSB# 102482**
tommy@whitfieldlaw.org

**WHITFIELD LAW GROUP, PLLC**
660 Lakeland East, Suite 200
Flowood, Mississippi 39232
(601) 863-8221 – Telephone
(601) 863-8231 – Facsimile

**CERTIFICATE OF SERVICE**

I, Tommy Whitfield, of the Whitfield Law Group, PLLC, the undersigned attorney, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Joel F. Dillard, Esq.
JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, Mississippi 39202
joel@joeldillard.com
*Counsel for Plaintiff*

THIS, the 8th day of February, 2018.

*/s/ Tommy Whitfield*
TOMMY WHITFIELD