## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOSEPH PAPIN**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:17-CV-763 CWR-FKB**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**LOU-ANN WOODWARD (official capacity); and**
**T. MARK EARL (individual capacity)**                     **DEFENDANTS**

_____

### DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

_____

**COME NOW,** Defendants, University of Mississippi Medical Center, Lou-Ann

Woodward, in her official capacity, and T. Mark Earl in his individual capacity, by and through

counsel, pursuant to Rule 15(a)(1)(A) and file this their Amended Answer and Affirmative

Defenses to Plaintiff's Second Amended Complaint as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted

against said Defendants.

### SECOND DEFENSE

Plaintiff is not entitled to recover costs, attorneys fees, punitive damages or damages for

intentional infliction of mental distress, nor is Plaintiff entitled to any expungement, restraining

order, injunctive or declaratory relief.

### THIRD DEFENSE

Defendants are immune from claims in this action pursuant to the Mississippi Tort

Claims Act and Qualified Immunity.

## FOURTH DEFENSE

Defendants affirmatively plead the applicability of all the provisions of § 11-1-65 of the Mississippi Code of 1972, as amended, respecting the requirements of Plaintiff's proof in this cause.  Defendants further asserts that the standards for the imposition of punitive damages are unconstitutionally vague, both with respect to the standards for imposing liability and with respect to those standards for assessing the amount of punitive damages, which vagueness is violative of the due process clause of the Fourteenth Amended of the United States Constitution and the due process clause of the Fifth Amended of the United States Constitution, as well as Article 3, Section 14 of the Mississippi Constitution.  Additionally, the application of such vague standards is unconstitutionally disproportionate and not rationally related to any legitimate government interests, which is violative of the same constitutional provisions.

## FIFTH DEFENSE

Defendant UMMC further asserts that any threat or assessment of punitive damages based on net worth or retained earnings or wealth violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## SIXTH DEFENSE

Punitive damages against the Defendants are not allowed as a matter of law.

## SEVENTH DEFENSE

Defendants affirmatively pleas that all 42 U.S.C. § 1983 and constitutional and state tort claims against them, a state agency, are jurisdictionally barred as the state is not a person under Section 1983, nor can Section 1983 be used to vindicate rights or claims  made pursuant to state law.

## EIGHTH DEFENSE

Defendants at all times conducted themselves in good faith, lawfully, and acted within the parameters of the law.

## NINTH DEFENSE

Defendants complied with procedural and substantive due process with regard to Plaintiff and offered him all hearings and procedures required thereby.

## TENTH DEFENSE

The actions or inactions on the part of the Plaintiff, including his improper conduct was the sole, proximate and only cause of the incidents complained of and the alleged damages, if any, sustained by the Plaintiff.

## ELEVENTH DEFENSE

The Plaintiff had a duty to mitigate damages, if any.  Any damages which could have been mitigated are not recoverable.

## TWELFTH DEFENSE

Defendants further assert their defenses of estoppel and res judicata.

## THIRTEENTH DEFENSE

Defendants further asserts its defenses of lack of formation, lack of consideration, lack of meeting of the minds, failure of consideration, statute of limitations, and any and all other available affirmative defenses which subsequent development of facts may support, and accordingly, these Defendants hereby reserve the right to raise any such defenses.

## FOURTEENTH DEFENSE

There exists adequate state remedies for relief for all federal claims made by Plaintiff so Plaintiff's 42 U.S.C. § 1983 claims are barred.

## FIFTEENTH DEFENSE

Plaintiff's state law claims are barred by the jurisdictional provisions of Miss. Code Ann. § 11-46-1, et seq., including the notice and limitations provisions, the exemptions, and provisions for individual immunity for acts performed in the course and scope of state employment.

## SIXTEENTH DEFENSE

Without waiving the aforementioned defenses, Defendants specifically answer the allegations of the Second Amended Complaint herein and state as follows:

## JURISDICTION AND VENUE

1.      Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 1.

2.      Defendants admit that once jurisdiction is established that venue is proper.

3.      Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 3.

## PARTIES

4.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 4; therefore they are denied.

5.      Defendants admit that it is a subdivision of the University of Mississippi and an

arm of the State of Mississippi.  The remaining allegations of paragraph 5 are denied.

6.      Defendants admit that Dr. Lou Ann Woodward is the Vice Chancellor of the University of Mississippi Medical Center,  the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 6 are denied.

7.      Defendants admit that Dr. Earl is the Program Director for general surgery, and deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 7.

8.      Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 8.

9.      Defendants admit that Dr. Bondi was the Chair of the Committee which heard Papin's appeal, and deny the remaining allegations in Plaintiff's Second Amended Complaint paragraph 9.

10.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 10.

**FACTS**

11.     Defendants  are  without  sufficient  knowledge  to  admit  or deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 11; therefore they are denied.

12.      Defendants  are  without  sufficient  knowledge  to  admit  or  deny  the  allegations contained in Plaintiff's Second Amended Complaint paragraph 12; therefore they are denied.

13.     Defendants  admit  that  Plaintiff  matched  with  UMMC through the National Resident Matching Program.

14.     Defendants  are  without  sufficient  knowledge  to  admit  or deny the allegations

contained in Plaintiff's Second Amended Complaint paragraph 14; therefore they are denied.

15.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 15.

16.     Defendants admit that Dr. Papin was matched and began his residency at UMMC on July 1, 2016.

17.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 17.

18.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 18.

19.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 19.

20.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 20.

21.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 21.

22.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 22.

23.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 23.

24.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 24; therefore they are denied..

25.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 25; therefore they are denied..

26.    Defendants admit that the patients wound required surgical intervention. However, Defendants deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 26.

27.    Defendants admit that Dr. Earl met with Dr. Papin on January 10, 2017, and that Dr. Papin signed documentation acknowledging his performance deficiencies and acknowledged that these issues had been discussed with him on December 20, 2016, in late November, and that he had received critical deficiencies in his Milestones, and further acknowledging that there had been no improvement and that there were serious issues with truthfulness, but deny the remaining allegations of Paragraph 27.

28.    Defendants admit that Dr. Earl informed Plaintiff Papin in the written warning on January 10, 2017, that his performance was deficient and included concerns with lying and being untruthful about patient care, leaving the hospital during duty hours (to exercise) - dereliction of duty, unwillingness to help with tasks, condescending tone to nurses and fellow residents, and poor inter-professional communication.  Defendants deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 28.

29.    Defendants admit that one of the justifications to support the claim of "lying" concerned the bed sore that required surgical intervention, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 29.

30.    Defendants deny the allegations contained in Plaintiff's Second Amended

Complaint paragraph 30.

    31.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 31.

    32.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 32.

    33.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 33

    34.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 34.

    35.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 35.

    36.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 36.

    37.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 37.

    38.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 38.

    39.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 39.

    40.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 40.

41.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 41.

42.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 42.

43.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 43.

44.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 44.

45.     Defendants admit that Plaintiff through his attorney sent a letter dated March 3, 2017 stating "I write to appeal this decision as provided in the UMMC policies and procedures for the residency program. The remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 45 are denied.

46.     Defendants admit that Counsel conferred about dates for a hearing on April 5, 2017, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 46.

47.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 47.

48.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 48.

49.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 49.

50.     Defendants admit that Plaintiff sent a letter dated June 14, 2017, with an attached proposed complaint, but deny that this letter is a proper notice of claim under the MTCA, and deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 50.

51.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 51.

52.     Defendants admit that plaintiff has filed a charge with the EEOC, but the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 52.

53.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 53.

54.     Defendants admit that a hearing was held on July 18, 2017 before a committee composed of members of the Graduate Medical Education Committee and a member of the House Staff, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 54.

55.     Defendants admit that Dr. Bondi served as the Chairman of the hearing committee, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 55.

56.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 56.

57.     Defendants admit that Papin was allowed to have counsel present, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 57.

58.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 58.

59.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 59.

60.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 60.

61.      Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 61.

62.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 62.

63.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 63.

64.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 64.

65.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 65.

66.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 66.

67.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 67.

68.     Defendants deny the allegations contained in Plaintiff's Second Amended

Complaint paragraph 68.

69.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 69.

70.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 70.

71.      Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 71.

72.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 72.

73.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 73.

74.     Defendants  deny  the  allegations contained in Plaintiff's Second Amended Complaint paragraph 74.

75.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 75.

76.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 76.

77.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 77.

78.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended

Complaint paragraph 78.

79.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 79.

80.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 80.

81.      Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 81.

82.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 82.

83.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 83.

84.     Defendants  deny  the  allegations contained in Plaintiff's Second Amended Complaint paragraph 84.

85.     Defendants  deny  the  allegations  contained  in  Plaintiff's  Second  Amended Complaint paragraph 85.

86.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 86.

87.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended Complaint paragraph 87.


88.     Defendants  deny  the  allegations  contained  in Plaintiff's Second Amended

Complaint paragraph 88.

89.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 89.

90.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 90.

91.      Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 91.

92.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 92.

93.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 93.

94.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 94.

95.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 95.

96.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 96.

97.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 97.

98.     Defendants admit that this count is brought solely against UMMC, but deny the remaining allegations contained in Plaintiff's Second Amended Complaint paragraph 98.

99.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 99.

100.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 100.

101.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 101.

102.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 102.

103.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 103.

104.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 104.

105.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 105.

106.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 106.

107.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 107.

108.    Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 108.

109.    Defendants deny the allegations contained in Plaintiff's Second Amended

Complaint paragraph 109.

110.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 100.

111.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 111.

112.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 112.

113.     Defendants deny the allegations contained in Plaintiff's Second Amended Complaint paragraph 113.

114.     Defendants admit the allegations contained in Plaintiff's Second Amended Complaint paragraph 114.

## PRAYER FOR RELIEF

115.     Defendants deny the allegations contained in the last unnumbered paragraph of Plaintiff's Second Amended Complaint commencing with the word "WHEREFORE" and all subparagraphs a through l.  Defendants specifically deny that the Plaintiff is entitled to any relief whatsoever against Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Defendants deny that the Plaintiff in this action is entitled to the relief requested or any relief whatsoever, including, without limitation, compensatory damages, exemplary or punitive damages or declaratory or injunctive relief.  The Defendants further pray that upon a hearing of this matter, the case will be dismissed, with prejudice, with all attorneys' fees, expenses and costs taxed to the Plaintiff.  The Defendants

pray for all such other relief as may be appropriate.

RESPECTFULLY SUBMITTED, this the 5th day of April, 2019.

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, LOU-ANN WOODWARD (official capacity) and T. MARK EARL (individual capacity)**

By:   */s/ Tommy Whitfield*
**TOMMY WHITFIELD, MSB# 102482**
**tommy@whitfieldlaw.org**

**WHITFIELD LAW GROUP, PLLC**
660 Lakeland East, Suite 200
Flowood, Mississippi 39232
(601) 863-8221 – Telephone
(601) 863-8231 – Facsimile

<u>**CERTIFICATE OF SERVICE**</u>

I, Tommy Whitfield, of the Whitfield Law Group, PLLC, the undersigned attorney, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Joel F. Dillard, Esq.
> JOEL F. DILLARD, P.A.
> 775 N. Congress St.
> Jackson, MS 39202
> joel@joeldillard.com
> *Counsel for Plaintiff*

THIS, the 5th day of April, 2019.

> */s/ Tommy Whitfield*_____
> TOMMY WHITFIELD