IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH PAPIN**                                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:17-CV-763 KHJ-FKB**

**UMMC, et al.**                                                       **DEFENDANTS**

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
---

COME NOW, the Defendants University of Mississippi Medical Center, Dr. T. Mark Earl in his individual capacity, Dr. LouAnn Woodward in her official and individual capacity, and Dr. Steven Bondi, in his individual capacity and files this, their Motion for Summary Judgement/Qualified Immunity to the Plaintiff's Second Amend the Complaint, and would respectfully show unto the Court the following:

     1.     Plaintiff Joe Papin filed a complaint against the University of Mississippi Medical Center [hereinafter UMMC] on September 20, 2017, seeking damages under Title VII, Title VI, the Mississippi Tort Claims Act for violations of State Due Process and Section 213-A of the Mississippi Constitution, and 42 U.S.C. § 1983 against Dr. Mark Earl in his individual capacity for due process violations and retaliation under the First Amendment. [ECF No. 1].

     2.     After being served with process, Defendants, UMMC and Dr. Mark Earl, filed their answer and affirmative defenses on October 17, 2017. [ECF No. 6].

     3.     Defendants filed for a Rule 7(a) reply [ECF No. 8], and in response the Plaintiff filed an Amended Complaint, and added Dr. LouAnn Woodward in her individual capacity. However, Plaintiff did not serve Dr. Woodward with process.

4. Dr. Mark Earl, at that time the only served individually named Defendant, filed his motion for qualified immunity on . [ECF No. 20]. The Court granted Dr. Earl's qualified immunity to Plaintiff's First Amendment claim, and dismissed the Plaintiff's substantive due process claim against Dr. Earl. [ECF No. 33].

5. After the Court's order, the Plaintiff sought leave to amend the complaint to add Dr. Steve Bondi as a defendant in his individual capacity. [ECF No. 47].

6. Once the Second Amended Complaint was filed the served Defendants answered. [ECF No. 53]. Plaintiff sent a waiver of service to Dr. LouAnn Woodward and Dr. Steven Bondi which were executed and entered. [ECF Nos. 59 and 60].

7. Defendants Bondi and Woodward filed their answers. The Court had previously entered a case management order and relieved the Defendants of the obligation to file early immunity motions and allowed discovery to proceed. See Case Management Order [ECF 35].

8. After the completion of discovery, there is not a genuine issue of fact for trial, and the Defendants are entitled to summary judgment as a matter of law for the following reasons:

   A. Plaintiff was not deprived of any procedural or substantive due process, and he received all due process as required by law.

   B. Plaintiff's state law due process claim fails as a matter of law. Plaintiff's state due process rights are identical to the federal rights, and he received all process that was due.

   C. Dr. Papin received all required notice for due process.

   D. Plaintiff's hearing procedures were in compliance with due process.

   E. Plaintiff's hearing was held within a reasonable time, and there is no procedural process violation.

F. The decision to terminate Plaintiff's employment was not arbitrary or capricious, was made by the Defendants in accord with their professional judgment, and did not violate Plaintiff's substantive due process.

G. Even if the Court were to hold that Plaintiff's due process rights were violated, the individually named Defendants are entitled to qualified immunity.

H. Plaintiff was a medical resident trainee of UMMC.  He was not an employee of the Board of Trustees of the Institutions of Higher Learning, therefore his Section 213-A claim fails as a matter of law.  If he were an employee of IHL, his breach of contract claims would fail as a matter of law.

I. UMMC has discretionary function immunity under the Mississippi Tort Claims Act for Plaintiff's state tort claims [Count 2 and Count 3] which were specifically brought pursuant to the act.

J. UMMC did not breach defendant's contract as a matter of law.

K. UMMC, nor Dr. Woodward in her official capacity, are "persons" under Section 1983 for claims for money damages.

L. Plaintiff failed to mitigate his damages.

M. Plaintiff is not entitled to punitive damages, and because punitive damages or barred, he cannot obtain attorney's fees and costs  for a breach of contract claim.

N. Plaintiff's substantive due process claim against Dr. Earl has already been dismissed by the Court.

9. In support of this Motion, Defendant submits the following:

   1) Letter, Exhibit 1;
   2) Appeals Committee Recommendation Letter, Exhibit 2;
   3) Dr. LouAnn Woodward Letter to Papin, Exhibit 3;
   4) Papin's House Officer Contract, Exhibit 4;
   5) Deposition Excerpts of Joe Papin, Exhibit 5;
   6) Deposition Excerpts of Dr. Mark Earl, Exhibit 6;
   7) Dr. Berger Email to Dr. Earl, Exhibit 7;
   8) Dr. Earl Email to Dr. Berger and Dr. Shake, Exhibit 8;
   9) Deposition Excerpts of Renee Greene, Exhibit 9;
   10) Aggregate Evaluation Comments for Joe Papin, Exhibit 10;
   11) Renee Green email to Joe Papin, Exhibit 11;
   12) Joe Papin Milestone Report, Exhibit 12;
   13) Dr. Earl email December 20, 2016, Exhibit 13;
   14) Dr. Brian Sparkman email, Exhibit 14;
   15) Dr. Colin Muncie email, Exhibit 15;
   16) Appeal Hearing Transcript, Exhibit 16;
   17) William Crews Email, Exhibit 17
   18) Dr. Megan Mahoney email, Exhibit 18;
   19) Dr. Ashley Griffin email, Exhibit 19;
   20) January 10, 2017 feedback letter to Papin, Exhibit 20;
   21) Deposition Excerpts of Dr. Rick Barr, Exhibit 21;
   22) Dr. Barr email to HR, Exhibit 22;
   23) Deposition Excerpts of Molly Brasfield, Exhibit 23;
   24) Deposition Excerpts of Dr. Jimmy Stewart, Exhibit 24;
   25) Dr. Earl email to HR, Exhibit 25;
   26) Molly Brasfield email to Whitlock, Exhibit 26;
   27) Transcript of Joe Papin Interview with HR, Exhibit 27;
   28) Pat Whitlcok recommendation email, Exhibit 28;
   29) Cecelia Bass email approving termination, Exhibit 29;

30) Pat Whitlock email ID Badge, Exhibit 30;

31) Joel Dillard Letter requesting appeal, Exhibit 31;

32) Mark Ray email to Joel Dillard, Exhibit 32;

33) Joel Dillard email to Mark Ray, Exhibit 33;

34) Affidavit of Dr. LouAnn Woodward, Exhibit 34;

35) Dr. Steve Bondi email to Bryce Ainsworth, Exhibit 35;

36) Notice Letter to Joe Papin, Exhibit 36;

37) Documents provided with Notice Letter, Exhibit 37;

38) Molly Brasfield email to Joel Dillard, Exhibit 38;

39) Papin Offer Letter for Employment, Exhibit 39;

40) Evaluation Policy and Grievance Algorithm, Exhibit 40;

41) Joe Papin Semi-Annual Review, Exhibit 41;

42) Deposition Excerpts of Dr. Steven Bondi, Exhibit 42;

43) Deposition Excerpts of Dr. Megan Mahoney, Exhibit 43;

44) UMMC Wound Care Note, Exhibit 44;

45) IHL Bylaws, Exhibit 45;

46) Excerpts of the Faculty and Staff Handbook, Exhibit 46;

47) Dec. 9 Wound Care note, Exhibit 47;

48) Requests for Admissions, Exhibit 48;

49) 2018 Residency Match Data, Exhibit 49;

50) 2019 Residency Match Data, Exhibit 50;

51) Papin Text Message to Mahoney, Exhibit 51;

52) Milestone Project, Exhibit 52;

53) Whitlock Deposition Excerpts, Exhibit 53;

54) Affidavit of Renee Greene, Exhibit 54;

55) Affidavit of Dr. Mark Earl, Exhibit 55;

56) Affidavit of Molly Brasfield, Exhibit 56.

WHEREFORE PREMISES CONSIDERED, for the reasons stated herein, and in the accompanying memorandum brief, incorporated herein by reference, the Defendants respectfully

requests this Court grant their Motion for Summary Judgment and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted, this the 26th day of February, 2021.

**University of Mississippi Medical Center, Dr. T. Mark Earl, Dr. Steven Bondi and Dr. LouAnn Woodward.**

**BY:** */s/ Tommy Whitfield*
**TOMMY WHITFIELD, MSB# 102482**
tommy@whitfieldlaw.org

**WHITFIELD LAW GROUP, PLLC**
660 Lakeland East, Suite 200
Flowood, Mississippi 39232
(601) 863-8221 – Telephone
(601) 863-8231 – Facsimile

# CERTIFICATE OF SERVICE

I, Tommy Whitfield, of the Whitfield Law Group, PLLC, the undersigned attorney, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Gregory Schmitz
> Martin Jelliffe
> Morgan & Morgan
> 20 N. Orange Avenue, 15th Floor
> Orlando, FL 32801
> *Counsel for Plaintiff*

THIS, the 26th day of February, 2021.

*/s/ Tommy Whitfield*
TOMMY WHITFIELD