UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH PAPIN,**

    **Plaintiff,**

                                              **CASE NO: 3:17-CV-763 CWR-FKB**

vs.

**UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, LOU-ANN
WOODWARD, T. MARK EARL, DR.
STEVEN A. BONDI, and JOHN DOES**

    **Defendants.**

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, JOSEPH PAPIN, hereby files this Response in Opposition to Defendants' Motion for Summary Judgment, Doc. 140, and in support thereof states as follows:

### SUMMARY OF THE ARGUMENT

Defendants' Motion, riddled with disputes of fact, is utterly inappropriate for summary judgment. Plaintiff's lawsuit follows his first year residency in Defendant, University of Mississippi Medical Center's ("UMMC") General Surgery Residency Program, which was abruptly terminated by UMMC in violation of Plaintiff's employment contracts and without due process of law. Defendants deny they violated Plaintiff's employment contracts and argue Plaintiff received all due process due. However, Plaintiff has presented compelling evidence to withstand summary judgment on all issues.

UMMC violated at least two contracts with regard to Plaintiff's employment – the first being his initial employment contract and the second being the remediation contract signed by both parties and then immediately breached by UMMC. UMMC terminated Plaintiff, in violation of both contracts, after allegedly receiving "unsolicited" emails by Plaintiff's colleagues complaining about Plaintiff. However, discovery in the case uncovered evidence that Plaintiff's supervisor, Defendant,

1

Dr. T. Mark Earl, <u>admittedly</u> solicited these complaints. Plaintiff's expert, Dr. Anthony Watkins, Program Director for the General Surgery Residency Program at New York-Presbyterian Hospital/Weill Cornell Medicine, described this conduct as "concerning." Plaintiff has also uncovered evidence to support that each and every one of these complaints is false and no independent investigation was ever done prior to Plaintiff's termination. Some employees have now completely recanted their allegations; some have provided conflicting and/or implausible recitations of events; and documents obtained refute critical details of these complaints.

Soliciting false complaints to create a documented – but fabricated – reason for dismissal is UMMC's pattern and practice. This Court admonished UMMC for this <u>same behavior</u> in at least two other cases. *See Smith v. Univ. of Mississippi Med. Ctr.*, 2018 WL 3231267, at *2 (S.D. Miss. Mar. 7, 2018) ("**<u>To be sure, Pigford's testimony is damaging to [UMMC]. Management should not be asking employees to lie about their coworkers. And, unfortunately, this is not the first time a plaintiff has produced evidence that a [UMMC] manager asked a subordinate to fabricate 'disparaging letters concerning [the plaintiff's] professionalism</u>**.'"); *see also Zhan v. Univ. of Mississippi Med. Ctr.*, 2016 WL 5374141, at *5 (S.D. Miss. Sept. 26, 2016). And yet, despite knowing that they should not be collecting false, disparaging letters about Plaintiff, UMMC did so here in direct defiance of this Court's prior admonishments.

That UMMC merely created a mirage here is further evidenced by the fact that <u>no investigation</u> was conducted into any of the complaints, including a complaint accusing Plaintiff of sexually harassing another female medical student! UMMC's Human Resources officer testified that conducting investigations into complaints of sexual harassment is standard protocol. Indeed, comparator evidence reflected that when another resident was accused of sexual harassment, UMMC interviewed **<u>ten</u>** (10) witnesses and authored a seventeen (17) page report summarizing their findings. That UMMC failed to investigate something like alleged sexual harassment here is telling.

In addition to Plaintiff's termination being wholly based on false allegations, the evidence supports that Defendants failed to provide Plaintiff with due process of law by failing to provide Dr. Papin with detailed and/or written notice of deficiencies in his performance prior to his termination. Then, once Plaintiff appealed his termination, Defendants conducted an ill-timed, sham hearing that fell woefully short of providing Plaintiff with procedural due process. Importantly, because one of the allegations against him was sexual harassment, by law, Plaintiff had the right to confront his accuser, but UMMC denied him this opportunity. This failure was a critical deficiency, especially because the sole "witness" has now recanted his testimony and <u>admitted under oath</u> that no female student told him Plaintiff engaged in sexual harassment and stated he personally believes Plaintiff did not engage in any sort of misconduct. Had Plaintiff been provided with the right to confront his accuser, this would have been immediately uncovered during the appeal hearing. Additionally, Plaintiff was not permitted the opportunity to cross-examine Defendants' witnesses or submit a list of questions to be asked by the panel. Instead, the verbal questions for the witnesses submitted by Dr. Papin to the panel during his appeal hearing were rejected and discarded. Had he been given the right to do so he would have been able to reveal the many inaccuracies and contradictions which are now part of this record and support the falsity of the allegations against him.

In sum, the evidence does not support disposing of this case on summary judgment. To rule in Defendants' favor requires weighing UMMC's alleged reasons for termination against a mountain of evidence drawing into question each of the alleged performance deficiencies. Because this role is appropriately tasked to the jury, and the jury alone, Defendants' Motion for Summary Judgment must be denied.

In support of this Motion, Plaintiff submits the following:

    A. Exhibit A, Declaration of Plaintiff, Joseph Papin

    B. Exhibit B, Evaluation Policy & Grievance Algorithm

    C.  Exhibit C, Academic Remediation Guidelines

    D.  Exhibit D, Report of Anthony Watkins, M.D.

    E.  Exhibit E, Anthony Watkins' CV

    F.  Exhibit F, Report of Michael Leitman, M.D.

    G.  Exhibit G, Deposition of Patricia Whitlock

    H.  Exhibit H, Sid Desai Text Message

    I.  Exhibit I, Deposition of Sid Desai

    J.  Exhibit J, UMMC's Response to Request for Production

    K.  Exhibit K, Deposition of Williams Crews

    L.  Exhibit L, Resident 76 Report

    M.  Exhibit M, Ulcer Patient Records

    N.  Exhibit N, Ulcer Patient Audit Trail

    O.  Exhibit O, January 10, 2017 emails

    P.  Exhibit P, Ulcer Patient Complaint

    Q.  Exhibit Q, February 6 and 7 emails

    R.  Exhibit R, July 10, 2017 email

The facts and law presented to this Court in the memorandum of law and statement of material facts, incorporated herein by reference, shows that serious material fact disputes exist regarding these issues and that summary judgment in Defendants' favor is not warranted.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendants' Motion for Summary Judgment in its entirety.

Dated: <u>March 31, 2021</u>

                                          **/s/ C. Ryan Morgan**
                                          C. RYAN MORGAN, ESQ.
                                          (*admitted pro hac vice*)

        Florida Bar No.: 0015527
        GREGORY R. SCHMITZ, ESQ.
        (*admitted pro hac vice*)
        Florida Bar No.:  0094694
        20 North Orange Avenue, Suite 1400
        Orlando, Florida 32801
        Telephone:  (407) 204-2170
        Facsimile:  (407) 245-3401
        E-mail: gschmitz@forthepeople.com
               rmorgan@forthepeople.com
               mbarreiro@forthepeople.com
               egeorge@forthepeople.com

        MARTIN R. JELLIFFE, ESQ.
        Martin R. Jelliffe, Esq. (MSB#: 3067)
        MORGAN & MORGAN, PLLC
        4450 Old Canton Road, Suite 200
        Jackson, Mississippi 39211
        Phone:601-503-1676
        Fax: 601-503-1625
        Email: mjelliffe@forthepeople.com

        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

        */s/ C. Ryan Morgan*
        *C. RYAN MORGAN, ESQ.*
        *(admitted pro hac vice)*