IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH PAPIN                                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO.:  3:17-CV-763 KHJ-FKB

UMMC, et al.                                                                                        DEFENDANTS

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

**COME NOW**, the Defendants and would respectfully show unto the Court the following:

1. Plaintiff did not respond to UMMC's argument that he is an employee of UMMC, not IHL, therefore his claim for a violation of the Mississippi Constitution Section 213-A fails as a matter of law.

2. As an employee of UMMC, Plaintiff was subject to the Faculty and Staff Handbook which provided for his termination for a breach of the behavior policies.

3. Plaintiff received all the notice required to satisfy due process.  He was provided with monthly written evaluations, he was counseled multiple times concerning his professionalism and behavior.  He was provided notice of his poor performance in his semi-annual review, and Dr. Earl continued to receive complaints concerning Dr. Papin's behavior and performance.

4. These complaints culminated over the holiday period when numerous residents approached the administration with concerns, and contrary to the assertions of the Plaintiff, they were unsolicited.  When brought forward, the complainants were told to put their issues with Dr. Papin in writing.

5. Dr. Earl spoke to the residents, but had also received corroboration from other residents

and faculty members concerning Plaintiff's behavior and performance.

6.     Dr. Earl did meet with the Plainitff in December, 2016 and informed him of his continued deficiencies, and Dr. Earl memorialized this in an email. See ECF 140, Ex. 13. Dr. Earl informed the Plaintiff that he would be seeking feedback as to how he was doing and whether there was improvement. Before Dr. Earl could ask, he received more complaints. See Exhibit 6.

7.     Plaintiff points to prior UMMC cases to infer that Dr. Earl was seeking false reports. Specifically, he refers to *Zhan v. UMMC* and *Smith v. UMMC*. In both cases judgment was granted to UMMC, and the cases dismissed.

8.     After the complaints over the holidays, which included a report that Plaintiff had lied to his chief resident about examining a patient, Plaintiff was removed from duty. Although Dr. Earl had placed Plaintiff on a remediation plan, his supervisor, the Associate Dean for Graduate Medical Education disagreed and sent an email referring the matter to Human Resources for review.

9.     Once the matter was turned over to Human Resources, the Plaintiff was interviewed about the allegations against him and he was permitted to respond. See ECF 140, Exh. 27.

10.    Human Resources recommended and ultimately made the decision to terminate Dr. Papin's employment from UMMC based on violations of UMMC's policies by the Plaintiff. See ECF 140, Exh. 28.

11.    Plaintiff chose to appeal the decision through the Graduate Medical Education appeal process. On July 5, 2017, the Human Resources department provided Plaintiff with written notice of the allegations, a copy of all the documents UMMC would rely on, and a list of witnesses.

12.    Dr. Steve Bondi was selected to be the hearing chair in early July, and a committee was

selected to hear the appeal. The hearing was conducted on July 18, 2017.

13.    During the hearing, each witness that had reported a complaint against the Plaintiff testified, the Plaintiff was able to hear their testimony and respond. The witnesses were questioned by the hearing panel.

14.    At the conclusion of the hearing, the committee deliberated and submitted their findings to the Vice Chancellor, Dr. LouAnn Woodward. Dr. Woodward reviewed the findings and made the decision to affirm the dismissal.

15.    Had the committee reversed the decision, Plaintiff would have been restored to duty to begin his remediation plan. Contrary to the Plaintiff's assertion, he would have been able to return and received an extension in training to accommodate the lost weeks while the appeal was ongoing.

16.    Plaintiff has not established a genuine issue of fact to overcome the qualified immunity of Dr. Woodward, Dr. Earl, or Dr. Bondi. Nor has Plaintiff established a violation of his procedural or substantive due process.

17.    Further Plaintiff's has not established a that the Defendants acted arbitrarily and capriciously to support his substantive due process claim.

18.    Also, Plaintiff has failed to mitigate his damages. Plaintiff seeks damages for his lost earning capacity as a surgeon/physician, but Plaintiff failed to take reasonable steps to continue his medical education. Plaintiff admits that he did not apply to any unfilled positions at other institutions while waiting on his appeal. Nor did he apply for the 2018 or 2019 Match for residency. He did not apply for any preliminary residency positions, nor did he apply to the Supplemental Offer and Acceptance Program (SOAP) for any vacant residency positions. He also admits that he did not apply to any unfilled positions after the 2018, 2019, and 2020 Match.

Instead of continuing in residency, Plaintiff chose to apply to consulting positions and went to graduate school for an MBA. Further, in his Request for Admissions, he admits he did not seek to match into another residency. As a conclusively established fact, UMMC is entitled to summary judgment on his failure to mitigate damages for any lost earning capacity as a surgeon/physician.

19. The Fifth Circuit held in *Walsh v. Hodge* that cross-examination and confrontation were not clearly established law at the time of Plaintiff's appeal, therefore qualified immunity on these grounds is appropriate.

20. As to the decubitous ulcer patient, Plaintiff still misstates UMMC's position as to this claim. Dr. Mahoney reported that he lied to her about examining the wound and its presence, not for the fact that a wound was there. Plaintiff conceded that there was nothing in his records on "turnover Mondays" to show that he performed an examination and rolled the patient over.

21. UMMC did not breach Plaintiff's employment contract and the remediation letter signed by the Plaintiff is not a valid contract.

22. Punitive damages are not allowed against UMMC as a matter of law.

23. In support of the Response in Opposition to the Plaintiff's Motion for Partial Summary Judgment, the Defendant submits the following:

    Exh. 1 - Declaration of Dr. Rebecca McAlister.

    Exh. 2 - Dr. Steve Bondi Deposition Excerpts.

    Exh. 3 - Affidavit of Jimmy Stewart.

    Exh. 4 - Dr. Rick Barr Deposition Excerpts.

    Exh. 5 - Molly Brasfield Depositio Excerpts.

    Exh. 6 - Dr. Mark Earl Deposition Excerpts.

Exh. 7 - Dr. Mark Earl Emails.

Exh. 8 - Dr. Megan Mahoney Deposition Excerpts.

Exh. 9 - Dr. Jimmy Stewart Deposition Excerpt.

Exh. 10 - IHL policies.

WHEREFORE PREMISES CONSIDERED, the Defendants respectfully request the Court grant its Motion for Summary Judgment and Qualified Immunity.

Respectfully submitted this the 19th day of April, 2021.

                            **THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER; DR. STEVE BONDI individually, DR. MARK EARL individually, and DR. LOUANN WOODWARD in her official and individual capacity**

By:   */s/ Tommy Whitfield*
       **TOMMY WHITFIELD, MSB# 102482**
       **tommy@whitfieldlaw.org**

**WHITFIELD LAW GROUP, PLLC**
660 Lakeland East, Suite 200
Flowood, Mississippi 39232
(601) 863-8221 – Telephone
(601) 863-8231 – Facsimile

## CERTIFICATE OF SERVICE

I, **Tommy Whitfield**, of the **Whitfield Law Group, PLLC**, the undersigned attorney, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Gregory Schmitz
Ryan Morgan
Jolie Pavlos
Martin Jelliffe
Morgan & Morgan
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
*Counsel for Plaintiff*


THIS, the 19th day of April, 2021.

                                                  */s/ Tommy Whitfield*
                                                  **TOMMY WHITFIELD, MSB# 102482**