UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH PAPIN                                                                                           PLAINTIFF

V.                                           CIVIL ACTION NO. 3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI                                                              DEFENDANT
MEDICAL CENTER

ORDER

Before the Court is [179] Motion for Entry of Final Judgment under Rule 54(b), [181] Motion for Interlocutory Appeal, and [183] Motion to Stay Case. Joseph Papin filed these motions in response to this Court's [170] August 31st Order. For the reasons below, the Court DENIES the motions.

I.     Rule 54(b)

Federal Rule of Civil Procedure 54(b) states, "the [C]ourt may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [C]ourt expressly determines that there is no just reason for delay." The purpose of Rule 54(b) "is to avoid the injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Tex. Adv. Optoelectronic Sols., Inc., v. Renesas Elecs. Am. Inc.*, No. 4:08-cv-00451, 2019 WL 4805917, at *2 (E.D. Tex. Oct. 1, 2019), (citation omitted).

"Entry of the [R]ule 54(b) order is discretionary." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). "A request for entry of final judgment and certification

under this rule is . . . not to be granted routinely." *Id*. "The procedure should be sparingly and deliberately used . . . ." *Id*.

The Court sees no reason to enter final judgment now. Nothing asserted by Papin "outweigh[s] the important concerns underlying 'the historic federal policy against piecemeal appeals.'" *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (citation omitted). Thus, Papin's Motion for Entry of Final Judgment under Rule 54 [179] is DENIED.

II.   Interlocutory Appeal and Stay

"[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue." *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 171 (5th Cir. 2009). The Court may certify an otherwise-unappealable issue for immediate appeal if: (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-cv-3897, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016). Because the Court finds not all three factors are present, the Motion for Interlocutory Appeal [181] is DENIED and the Motion to Stay Case [183] is DENIED AS MOOT.[1]

---

[1] The Court typically waits for full briefing before ruling on motions. But this case is almost four years old, the pretrial conference is set for Friday, and the Court wants to avoid further delay.

SO ORDERED AND ADJUDGED this the 13th day of September, 2021.

                                                                                                 s/ *Kristi H. Johnson*
                                                                                                 UNITED STATES DISTRICT JUDGE