UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JOSEPH PAPIN                                                    PLAINTIFF

V.                                  CIVIL ACTION NO.  3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI                                       DEFENDANT
MEDICAL CENTER

ORDER

Before the Court are Defendant University of Mississippi Medical Center's

("UMMC") Amended Motion in Limine [175] and Plaintiff Dr. Joseph Papin's

Amended Motion in Limine [177]. For the reasons below, the Court grants in part

and denies in part both motions.

I.      Background

Dr. Papin sued UMMC upon termination from his surgical residency in 2017.

The Court entered an Order on August 31st, granting in part and denying in part

both parties' cross-motions for summary judgment. [170]. The only remaining issue

for trial is whether UMMC breached the terms of the House Officer Contract [144-3]

("Contract") by terminating Dr. Papin from his residency, and if so, the damages Dr.

Papin is entitled.

The Contract governed the terms of Dr. Papin's employment during his

residency with UMMC. The Contract term was "for the period beginning June 28,

2016 and ending June 30, 2017 at an annualized sum of $47,738.00." ¶ I. The

Contract specified that "UMMC is empowered to terminate this contract at any time for malfeasance, inefficiency or contumacious conduct by Physician." *Id.* ¶ IV(1). It also stated,

> Reappointment for additional years of training shall be based upon evaluation of the Physician's performance and availability of positions. If . . . Physician does not exhibit sufficient competency to advance to the following year of residency, then UMMC may terminate this contract at the end of the academic year of the training program even if this contract states a later termination date. UMMC shall give Physician at least four (4) months written notice of an intent not to reappoint Physician to the next year of training, unless the event or events giving rise to such non-reappointment occur during the last four months of the academic year, in which case UMMC shall give Physician as much notice of non-reappointment as is reasonably allowable.

*Id.* ¶ IV(5).

A jury will resolve whether UMMC breached the Contract. Both parties filed motions in limine in anticipation of trial. [175]; [177].

## II.    Standard

The purpose of a motion in limine is to prevent opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.* 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v.*

*Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III.   UMMC's Motions

UMMC seeks to exclude various testimony and exhibits because they are "irrelevant, unfairly prejudicial, and contrary to this [Court's] prior rulings." [175] ¶ 1. The Court addresses each request in turn.

A.  Claims Previously Dismissed by the Court

UMMC seeks to exclude "[a]ll testimony, argument, or attempt to elicit testimony or evidence of claims that have been previously dismissed by the Court." [175] ¶ A(1). "Informing the jury regarding dismissal of other claims has no apparent relevance in this case, and it would otherwise lead to unfair prejudice and confusion of the issues." *Houston v. Miss. Dep't of Hum. Servs.*, No. 3:13-cv-773-DPJ-FKB, 2015 WL 7777275, at *1 (S.D. Miss. Dec. 2, 2015) (citing Fed R. Evid. 401, 402, 403). The Court therefore grants the motion.

B.  Dr. Papin's Discrimination Claim and Hispanic Heritage

UMMC seeks to exclude "[a]ll testimony, argument, or attempt to elicit testimony that Plaintiff is [H]ispanic or has [H]ispanic heritage." *Id.* ¶ A(2). UMMC also seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit testimony that UMMC discriminated against the Plaintiff." *Id.* ¶ A(3). Dr. Papin agrees that his voluntarily withdrawn discrimination claim and evidence of his Hispanic heritage should be excluded. *See* Papin Mem. in Support of Mot. in Limine [178] at 3. The Court agrees with the parties. Any evidence about the fact that Dr. Papin brought

3

Title VII claims and any evidence that he is Hispanic or has Hispanic heritage will be excluded as irrelevant and prejudicial. Fed. R. Evid. 401, 402, 403. The motion is granted in this respect.

Dr. Papin objects, however, to the exclusion of evidence that he was treated differently from other residents. Papin Mem. Resp. in Opp. to Mot. in Limine [187] at 2. He asserts that evidence UMMC treated him differently from other residents is relevant to his breach of contract claim. *Id.* The Court agrees, and thus denies the motion to the extent that UMMC seeks to broadly exclude evidence that Dr. Papin was treated differently from other residents for purposes of whether UMMC breached the Contract.

C.  Procedural Due Process

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit testimony that UMMC violated Plaintiff's procedural due process rights." [175] ¶ A(4). The Court grants this motion in part consistent with Section III.A, *supra*. The Court denies the motion to the extent that any overlapping, relevant evidence may prove whether UMMC breached the Contract.

D.  Substantive Due Process Rights

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit testimony concerning Plaintiff's claims that he did not receive pre[-] or post[-] termination notice, did not have a meaningful opportunity to be heard, that he was not allowed to cross-examine witnesses, that he was not allowed to call witnesses, that the hearing panel was a sham, and/or that members of the panel were biased

4

against him." *Id.* ¶ A(5). As far as UMMC moves to exclude reference to claims that

Dr. Papin was denied his constitutional right to substantive due process, the motion

is granted. *See supra* Section III.A. The Court, however, denies the remaining parts

of the motion as overbroad, as some facts may be relevant to the breach of contract

claim.

E.  Arbitrary and Capricious Termination of Dr. Papin's Employment

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit

testimony that UMMC acted in an arbitrary and capricious manner in deciding to

terminate Plaintiff's employment." *Id.* ¶ A(6). The Court denies this motion as it is

overbroad and is facially relevant to Dr. Papin's breach of contract claims against

UMMC. *See Dey v. State Farm Mut. Auto. Ins. Co.*, No. 1:12cv332-HSO-RHW, 2014

WL 11906645, at *3 (S.D. Miss. Jan. 17, 2014).

F.  UMMC Failed to Provide an Academic Program that Met Established
    Standards

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit

testimony that UMMC failed to provide an academic program that met established

standards." *Id.* ¶ A(7). The motion is granted. *See supra* Section III.A.

G.  Lost Earnings Beyond One-Year Contract

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit

testimony of lost earnings beyond the expiration of the Plaintiff's one year house

officer contract." *Id.* ¶ A(8). Dr. Papin objects, asserting that he is entitled to future

income damages outside the terms of the Contract. *See* Papin Resp. in Opposition to

UMMC Motion in Limine [187] at 5.

5

First, Dr. Papin contends that "Medical Resident contracts are similar to the continuous contracts provided to tenured and tenure track professors. . . . Even though [the] contract is for a specific period of time, there is an expectation of contract renewal." *Id.* at 7 n.2 (citing *Wilson v. Clark Atlanta Univ., Inc.*, 794 S.E.2d 422, 426 (Ga. Ct. App. 2016)). The Court is not persuaded by Dr. Papin's argument that medical resident contracts are fundamentally different from other employment contracts. Dr. Papin does not cite Mississippi case law to support his view. Rather, he cites a Georgia law case about tenure-track professors. *Id.* The Court finds this analogy unavailing to a medical resident's one-year contract under Mississippi law.

Second, Dr. Papin cites Fifth Circuit precedent for support that medical resident contracts differ from traditional employment contracts. *See id.* at 8 (citing *Davis v. Mann*, 882 F.2d 967, 974 (5th Cir. 1989)). He contends that *Davis* holds that medical residency contracts are "distinct from other types of employment" because the primary purpose is academic training. *Id.* (citing *Davis*, 882 F.2d at 974).

Although the Fifth Circuit noted that a residency contract is different from a standard employment contract because its primary purpose is academic training, it does not say that residency contracts should be examined with a different standard from traditional employment contracts, as Dr. Papin suggests. Rather, in *Davis*, the Fifth Circuit held that a dental resident's due process rights were not violated when terminated from his residency because he was paid the full stipend of his employment contract, and thereby suffered no damages. 882 F.2d at 973. The *Davis*

Court "found that an employee suffers no compensable damage from an early employment termination where he has been paid his full salary for the contract year." *Id.* "Clearly, with his full stipend paid and his dental degree intact, Davis's employment termination did not deprive him of his 'means of livelihood.'" *Id.* (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985)). Here, Papin still has his medical degree, and termination of his employment did not deprive him of his "means of livelihood." *Id. Davis* simply stands for the proposition that in the event of breach, Dr. Papin may have a right to recover his entire yearly stipend. *See id.*

UMMC contends that Dr. Papin's damages are limited to the contractual terms. UMMC cites to *Fuselier, Ott & McKee, P.A. v. Moeller*, 507 So. 2d 63, 68 (Miss. 1987) and *Harrison v. Walker*, 91 So. 3d 41, 46 (Miss. Ct. App. 2011). UMMC Mem. Br. in Support of Motion in Limine [176] at 3. *Harrison* is most relevant here. In *Harrison*, the plaintiff entered a one-year contract with no right of renewal. 91 So. 3d at 47. At trial, he presented evidence of his estimated loss of income over a ten-year period. *Id.* But the court instructed the jury to limit the damages awarded to the term of the one-year contract. *Id.* The Mississippi Court of Appeals found that the jury instruction was an "accurate statement of the law," and that limiting damages to the term of the one-year contract awarded the plaintiff the "benefit of the bargain by awarding him a sum of money that . . . put him in as good a position as he would have been in had the contract been performed." *Id.* (internal quotations and citations omitted).

*Harrison* instructs the Court that fixed-term employment contracts limit recovery of damages to the term of the contract. Here, similarly, the Contract clearly states that its term was for the "period beginning June 28, 2016 and ending June 30, 2017." [144-3] ¶ I. "Reappointment for additional years" was dependent "upon evaluation of the Physician's performance and availability of positions." *Id.* ¶ IV(5). The Court therefore finds that the Contract was a one-year employment contract like that in *Harrison*. For the reasons above, the Court finds that Mississippi law restricts recoverable income damages at the one-year duration of the Contract.

For these reasons, the Court grants UMMC's motion as to the extent that Papin seeks damages for loss of future income.

H. Testimony that UMMC Violated Its Own Policies and Procedures

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit testimony that UMMC violated its own policies and procedures." *Id.* at ¶ A(9). Dr. Papin opposes the request because he contends such evidence is relevant to his breach of contract claims. [187] at 4. The Court agrees with Dr. Papin, and accordingly denies the motion.

I. Testimony of Dr. Carl Watkins and Dr. Michael Lietman Concerning Whether UMMC Violated Accreditation Counsel for Graduate Medical Education (ACGME) or its Own Policies

UMMC seeks to "exclude the testimony of Dr. Carl Watkins and Dr. Michael Lietman concerning whether UMMC violated ACGME or its own policies." *Id.* ¶

A(9). In accordance with Section III.H., *supra*, the Court denies the motion because such testimony may be relevant to whether UMMC breached the Contract.

J.  Resident 76

UMMC seeks to exclude "[a]ll testimony, argument[,] or attempt to elicit any testimony concerning Resident 76" and all documents related to Resident 76. *Id.* ¶¶ A(11), B(3). The Court finds the facts about Resident 76 have no relevance to Dr. Papin's breach of contract claim and will only confuse the jury. *See* Fed. R. Evid. 401, 402, 403. The motion is thus granted as to Resident 76.

K.  Expert Report of Dr. Linke

UMMC seeks to exclude the Expert Report of Dr. Linke [175-A]. [175] ¶ B(1). UMMC asserts that the Report should be excluded because Dr. Papin is limited by his contract as to what damages he can collect. In accordance with III.G., *supra*, the motion is granted.

L.  Portions of Expert Reports of Carl Watkins and Michael Lietman that Reference Due Process, Whether UMMC Violated its Own Policies and Procedures or Established Standards in Terminating Dr. Papin's Contract

UMMC seeks to exclude the portions of Carl Watkins' and Michael Lietman's Expert Reports that reference due process and whether UMMC violated its own policies in terminating Dr. Papin's contract. In accordance with III.I, *supra*, this motion is denied.

IV.   Dr. Papin's Motions

In his Amended Motion in Limine, Dr. Papin seeks to exclude various evidence from trial. [177] at 1. The Court addresses each in turn.

A. Court's Order on the Parties' Cross-Motions for Summary Judgment

Dr. Papin seeks to exclude this Court's Order on the Parties' Cross-Motions for Summary Judgment [170]. [177] at 1. To the extent that this motion requests the same relief as that in III.A., *supra*, the Court grants the motion. The Court, however, denies the motion if it seeks to exclude facts and legal arguments that are relevant to whether UMMC breached the Contract.

B. Dr. Papin's Voluntarily Withdrawn Discrimination Claim

Dr. Papin seeks to exclude testimony and evidence about his voluntarily withdrawn discrimination claim. *Id*. The Court grants this motion. *See supra* Section III.B.

C. Alleged Reasons for Termination Outside Enumerated Reasons in the February 6, 2017, Email

Dr. Papin seeks to exclude testimony and evidence of reasons for his termination that were not enumerated in the email he received on February 6, 2017. He asserts that reasons outside the email are inadmissible because they deviate from UMMC's 30(b)(6) Corporate Representative's deposition testimony and would result in "sandbagging." Papin Mem. in Support of Mot. in Limine [178] at 4. UMMC disagrees and contends that "the record shows that the reasons [for his termination] were disclosed. . . during discovery, and there was no 'sandbagging.'" UMMC Mem. in Opp. Mot. in Limine [189] at 4.

"Rule 30(b)(6) aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case." *Palmisano, LLC v. North Am. Capacity Ins. Co.*, No. 19-12755, 2021 WL

10

1945834, at *3 (E.D. La. May 14, 2021) (internal quotations and citation omitted). The record reflects UMMC provided Dr. Papin with evidence both prior to litigation and throughout discovery as to why he was terminated from his residency. This evidence includes the February 6, 2017 email, but is not limited to it. The Court finds "no sandbagging" and therefore denies the motion.

D.  Statements About Dr. Papin Made by Unidentified Employees of UMMC

Dr. Papin seeks to exclude statements about himself made by unidentified employees of UMMC. [177]. UMMC counters that such statements are admissible as a regularly kept business record under Rule 803(6). [189] at 4. Additionally, UMMC argues that this evidence is admissible under the present-sense impression exception to hearsay under 803(1). *Id.* at 5. In the alternative, UMMC argues that such evidence is admissible under Rule 404 to show "modus operandi, lack of mistake, and UMMC's motive and good faith in terminating the contract." *Id.* at 6.

The Court agrees with UMMC that these statements by unidentified individuals should not be categorically excluded. The Court can rule on specific instances at trial. The motion is therefore denied.

E.  UMMC's Rebuttal Expert, Robert Alexander

Finally, Dr. Papin seeks to exclude testimony from the UMMC's expert, Robert Alexander. [177]. He seeks to limit the testimony and report of Robert Alexander because his report is used to rebut Dr. Papin's former expert, Nicholas Hill, who has since withdrawn. [178] at 7. UMMC counters that Dr. Papin's motion to strike Dr. Alexander as a witness is untimely under the Case Management Order

pursuant to Local Rule 26(a)(3) and not proper as his testimony and report is still relevant for the remaining subject matter. [189] at 7. UMMC contends that Dr. Alexander's opinions on mitigation and damages are relevant independent of any finding or opinion presented by Dr. Hill. *Id.*

To the extent Dr. Papin seeks to exclude testimony and opinions from Dr. Alexander's report that specifically rebut Dr. Hill's opinions, or are otherwise based on Dr. Hill's opinions, the motion is granted. The Court finds such evidence to be irrelevant. Alexander, however, may testify to relevant opinions independent of those involving Dr. Hill.

V.     Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS IN PART and DENIES IN PART UMMC's Amended Motion in Limine [175]. The Court excludes all testimony, evidence, argument, or attempt to elicit testimony of: claims that have been previously dismissed by the Court; Plaintiff's Hispanic heritage; Dr. Papin's lost future earnings beyond the Contract; Dr. Linke's Expert Report; Resident 76; and all documents about Resident 76.

The Court further GRANTS IN PART and DENIES IN PART Dr. Papin's Amended Motion in Limine [177]. The Court excludes all testimony, evidence, or commentary about claims resolved in this Court's Order on the Parties' Cross-Motions for Summary Judgment; Dr. Papin's voluntary withdrawal of his

discrimination claim; and portions of UMMC's Rebuttal Expert Robert Alexander's Expert Report and opinions based on those by Nicholas Hill.

SO ORDERED this the 22nd day of September, 2021.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE