UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH PAPIN                                                    PLAINTIFF

V.                                    CIVIL ACTION NO.  3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI                        DEFENDANT
MEDICAL CENTER

ORDER

Before the Court are Plaintiff Joseph Papin's Motion for Entry of Judgment under Rule 54(b) [193], Motion for Interlocutory Appeal [195], and Motion to Stay Case [197]. Papin filed these motions in response to this Court's August 31st Order [170] and September 22nd Order [192]. For the following reasons, the Court denies the motions.

I.       Facts and Procedural History

After the Court's August 31st Order, Papin filed a Motion for Entry of Final Judgment under Rule 54(b) [179], Motion for Interlocutory Appeal [183], and a Motion to Stay Case [183]. The Court denied all three motions, declining to exercise its discretion to enter a Rule 54(b) order and finding that the requirements for certification were not met. September 13th Order [190].

Since that ruling, the Court entered its September 22nd Order that addressed several motions in limine, including limiting Papin's future damages to the term of his one-year contract with UMMC. [192] at 5–8. Additionally, Papin's trial was originally scheduled for October 25th, 2021, but was postponed to an

uncertain date because of COVID-19. *See* Mem. in Support [196] at 4. Papin now re-urges his motions for judgment under Rule 54(b) and certification for an interlocutory appeal because of these intervening events. *Id.* at 1–2.

II.     Motion for Entry of Judgment under Rule 54(b) [193]

Federal Rule of Civil Procedure 54(b) states, "the [C]ourt may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [C]ourt expressly determines that there is no just reason for delay." The purpose of Rule 54(b) "is to avoid the injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Tex. Adv. Optoelectronic Sols., Inc., v. Renesas Elecs. Am. Inc.*, No. 4:08-cv-00451, 2019 WL 4805917, at *2 (E.D. Tex. Oct. 1, 2019) (citation omitted). "Entry of the [R]ule 54(b) order is discretionary." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). "A request for entry of final judgment and certification under this rule is . . . not to be granted routinely." *Id.* "The procedure should be sparingly and deliberately used . . . ." *Id.*

Again, the Court sees no reason to enter final judgment now. Papin does not raise any new arguments on how his desire for immediate appeal "outweigh[s] the important concerns underlying 'the historic federal policy against piecemeal appeals.'" *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (citation omitted). Thus, Papin's Motion for Entry of Final Judgment under Rule 54(b) [193] is DENIED.

III.     Motion for Interlocutory Appeal [195] and Motion to Stay Case [197]

"[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue." *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 171 (5th Cir. 2009). The Court may certify an otherwise unappealable issue for immediate appeal if: (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-cv-3897, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016).

Papin does not cite authority suggesting that the Court's holdings in the prior Orders satisfy these three requirements. Because the Court finds that not all three factors are present, the Motion for Interlocutory Appeal [195] is DENIED and the Motion to Stay Case [197] is DENIED AS MOOT.

IV.     Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Papin's Motion for Entry of Final Judgment under Rule 54(b) [193] and Motion for Interlocutory Appeal [195], and DENIES AT MOOT Papin's Motion to Stay Case [197].

SO ORDERED AND ADJUDGED this the 6th day of December, 2021.

                                                                           s/ *Kristi H. Johnson*
                                                                           UNITED STATES DISTRICT JUDGE