UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH PAPIN                                                                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI MEDICAL                                           DEFENDANT
CENTER

ORDER

Before the Court is Plaintiff Dr. Joseph Papin's Second Motion in Limine [210]. For the following reasons, the motion is granted.

I.  Background

Dr. Papin sued the University of Mississippi Medical Center ("UMMC") after it terminated his employment as a surgical resident in 2017. The only remaining issue for trial is whether UMMC breached the terms of the House Officer Contract [144-3] ("Contract") in terminating Dr. Papin's employment, and if so, the damages he is entitled. On September 22, 2021, the Court entered an Order granting, among other things, UMMC's Amended Motion in Limine [175] to exclude any reference to Dr. Papin's damages for loss of future income beyond the Contract's expiration. [192] at 7. Dr. Papin has now filed a motion in limine relating to that Order. [210].

II.  Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."

*Tate v. Zaleski*, 2:19-cv-63-TBM-MTP, 2021 WL 5811965, at *1 (S.D. Miss. Dec. 7, 2021) (citation omitted). A motion in limine seeks to prevent opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," but the issue must be raised "outside the jury's presence." *Id.* (citation omitted).

   III.   Papin's Motion in Limine

Dr. Papin seeks to exclude any reference to: the Court's Order [192] barring reference at trial to Dr. Papin's damages for loss of future income beyond the Contract's expiration; any potential appeal by Dr. Papin of that Order; and available damages if he succeeds on appeal. UMMC counters that, for the jury to award damages, it must consider evidence of Dr. Papin's loss of future income. But UMMC presented previously to the Court that "all argument of counsel and evidence of lost future income after the expiration of the one year [C]ontract should be excluded as not relevant and would lead to confusion of the issues for the jury." [175] at 2; [176] at 3–4 (citing Fed. R. Evid. 401, 402, 403). As discussed *supra*, the Court granted UMMC's motion. The Court will not entertain UMMC's newly raised contradictory argument.

2

This Order does not prohibit the parties from discussing at trial the Contract or Dr. Papin's maximum recoverable income damages, which are restricted to the Contract's one-year term. Accordingly, the parties may mention Dr. Papin's loss of future income as it pertains to that one-year term. To the extent that the parties seek to discuss Dr. Papin's maximum recovery of damages accrued *after* the Contract's expiration, such discussion is prohibited.

IV. Conclusion

The Court has considered all challenges raised by the parties. Challenges not addressed would not have changed the outcome of the Court's decision. For these reasons, Dr. Papin's Second Motion in Limine is GRANTED.

SO ORDERED AND ADJUDGED, this this 30th day of August, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE