UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JOSEPH PAPIN                                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI MEDICAL                                          DEFENDANT
CENTER

ORDER

Before the Court is Plaintiff Dr. Joseph Papin's Trial Brief [212] asking the Court to reevaluate whether it has subject-matter jurisdiction over his breach-of-contract claim against Defendant University of Mississippi Medical Center ("UMMC"). UMMC responded with its own Trial Brief [214]. For the following reasons, the Court continues to exercise supplemental jurisdiction over that claim.

I.    Background

This proceeding has been before the Court for about five years. On September 20, 2017, Dr. Papin filed his Complaint [1] against UMMC, among others. Dr. Papin twice amended his complaint. Am. Compl. [18]; Second Am. Compl. [50]. His Second Amended Complaint, filed on March 18, 2019, brought claims against UMMC and co-defendants for: breach of contract; violation of Section 213-A of the Mississippi Constitution; state due-process violations; federal due-process violations brought under 42 U.S.C. § 1983; and violations of Title VI and Title VII of the Civil Rights Act of 1964. [50]. One breach-of-contract claim pertains to the House Officer

Contract [144-3] ("Contract") that Dr. Papin and UMMC entered. Dr. Papin asserted the Court had federal-question jurisdiction over the federal claims. [50] ¶ 1. The Court exercised supplemental jurisdiction over the state claims because they arose from the same case or controversy as the federal claims. *See* 28 U.S.C. § 1367.

The Court dismissed on August 31, 2021, all but Dr. Papin's claim against UMMC for breaching the Contract. Order on Summ. J. [170] at 54–55. Accordingly, that is the only remaining claim for trial. The Court continued to exercise supplemental jurisdiction over the claim even though all federal claims had been dismissed. *Id.* at 55. The Court entered an Order on September 22, 2021, limiting Dr. Papin's recoverable damages to the Contract's one-year term. Order [192] at 12–13.

This case has been stayed several times over the past five years. First, the Court stayed proceedings in November 2019 when it allowed Dr. Papin's attorney to withdraw as counsel. Order [87]. It was stayed again in March 2020, rescheduling trial for April 5, 2021, upon joint motion by the parties. Then, it was stayed a final time in May 2021 because of the COVID-19 pandemic. Nevertheless, the parties have completed discovery, and the Court has ruled on all dispositive and pretrial motions.

Trial is scheduled for October 11, 2022. Almost one year after the Court issued its Order dismissing all federal claims, Dr. Papin now requests—on the eve

of trial—for the Court to reexamine its subject-matter jurisdiction over his remaining breach-of-contract claim against UMMC. [212].

II.  Standard

Subject-matter jurisdiction is a prerequisite to a federal court adjudicating a case. *E.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). District courts have original jurisdiction over civil actions: raising questions of federal law, 28 U.S.C. § 1331; and in which the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). When a court has original jurisdiction over a claim and the plaintiff brings additional state-law claims over which the court lacks jurisdiction, the question of supplemental jurisdiction arises. *See, e.g.*, *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir. 1991).

A district court possesses "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The inquiry is whether the claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," however. *Id.* at 726. A court may decline to exercise supplemental jurisdiction over a state-law claim if: "[it] raises a novel or complex issue of State law"; "[it] substantially predominates over the claim or claims over which the district court

has original jurisdiction"; all other claims over which the court has original jurisdiction have been dismissed; or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

As a "general rule," a state-law claim should be dismissed when the federal claim giving rise to the district court's supplemental jurisdiction is dismissed. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). That rule is not "mandatory" or "absolute," however. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446–47 (5th Cir. 2002) (concluding district court's retaining supplemental jurisdiction after dismissing all federal claims not abuse of discretion). For example, the Fifth Circuit has held a district court abuses its discretion by declining to exercise supplemental jurisdiction over state-law claims after dismissing all federal claims if the court "invest[ed] a significant amount of judicial resources in the litigation." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (collecting cases explaining that district courts abused discretion by declining to exercise supplemental jurisdiction over cases pending for three or four years). District courts should consider the above § 1367(c) factors "and the balance of the relevant factors of judicial economy, convenience, fairness, and comity" in determining whether to continue exercising supplemental jurisdiction. *See Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted).

III.    Dr. Papin's Trial Brief

Dr. Papin contends the Court should decline to exercise supplemental jurisdiction over his breach-of-contract claim because: the parties are not diverse and the amount in controversy does not exceed $75,000 after the Court's Order [192] limiting Dr. Papin's damages; and all federal claims have been dismissed. [212]. If this case is dismissed, Dr. Papin intends to re-file his suit against UMMC in Jackson County Circuit Court. [212] at 2–3. UMMC maintains that the Court may, and should, retain supplemental jurisdiction. Def.'s Resp. [213].

The Court need not dismiss Dr. Papin's breach-of-contract claim because the federal claims have been dismissed. *Smith*, 298 F.3d at 446–47. The 28 U.S.C. § 1367(c) factors support the Court's continuing to exercise supplemental jurisdiction. Dr. Papin's breach-of-contract claim does not raise "a novel or complex" state-law issue. *Newport Ltd.*, 941 F.2d at 308. Nor does he show that "exceptional circumstances" or "compelling reasons" exist for declining jurisdiction.

Judicial economy, convenience, fairness, and comity also support the Court's continued exercise of supplemental jurisdiction. This proceeding has been before the Court for about five years, longer than cases in which district courts have abused their discretion for dismissing state-law claims after investing significant resources in the litigation. *See, e.g.*, *Brookshire*, 554 F.3d at 602. Discovery is complete. All outstanding motions have been ruled on by the Court. The pretrial conference is tomorrow, and trial will begin next month. The Court and the parties have expended time, money, and other resources in preparing for trial and marching

through this five-year trek of litigation. The Court will not dismiss the breach-of-contract claim now.

IV.   Conclusion

The Court has considered all arguments raised by the parties. Arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court continues to exercise supplemental jurisdiction over Dr. Papin's breach-of-contract claim against UMMC.

SO ORDERED AND ADJUDGED this the 1st day of September, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
