UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH PAPIN                                                                           PLAINTIFF

V.                                              CIVIL ACTION NO. 3:17-CV-763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI MEDICAL                                       DEFENDANT
CENTER

ORDER

Before the Court is Plaintiff Dr. Joseph Papin's Motion for Leave to Conduct the Videotaped Trial Deposition of Meagan Mahoney [217]. For the following reasons, the motion is denied.

I.     Background

The University of Mississippi Medical Center ("UMMC") terminated Dr. Papin's employment as a surgical resident in 2017. Dr. Papin sued UMMC for, among other things, allegedly breaching his House Officer Contract. [50]; [144-3]. Discovery between the parties concluded on February 5, 2021. Dr. Papin deposed Dr. Meagan Mahoney during the discovery period on November 18, 2020. [218-1]. The Proposed Joint Pretrial Order was due on September 1, 2022, in which the parties had to list their deposition designations. [209]. Objections to those deposition designations were due on September 20, 2022. On September 28, a week and a half before trial, Dr. Papin filed his Motion [217]. He contends the purpose of deposing Dr. Mahoney a second time is not for discovery purposes but "to preserve

Dr. Mahoney's testimony for trial" because "it is preferable for the jury to hear Dr. Mahoney's testimony via video for the jury to witness her demeanor and credibility versus simply reading her deposition transcript to the jury." *Id.* at 3.

II. Standard

Under Federal Rule of Civil Procedure 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . [if] the deponent has already been deposed in the case." Rule 26(b)(2)(C) states, among other things, that "[a] court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

III. Analysis

Dr. Papin seeks to depose Dr. Mahoney for a second time to preserve her testimony for trial. [217] at 3. He distinguishes between discovery depositions and trial depositions, contending he may depose Dr. Mahoney for trial purposes. "The Federal Rules of Civil Procedure do not contain an express distinction between depositions for discovery purposes and depositions for use at trial in lieu of live testimony," however. *Knuth v. Reg'l Transit Auth. of New Orleans*, No. 20-396, 2020 WL 6742800, at *5 (E.D. La. Nov. 17, 2020) (citing *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 551–52 (5th Cir. 2000)). *Knuth* discusses that district courts have taken different approaches to deposing a witness twice when

2

the second deposition is sought as a "trial deposition." *Id.* Some courts have prohibited the second depositions, while other courts have allowed it. *Id.* The *Knuth* court permitted a second deposition to preserve the witness's testimony for trial "[g]iven the divergent cases and particular facts in [the] case." *Id.* at *6.

In a decision analogous to *Knuth*, the Fifth Circuit allowed the deposition of a witness for the first time, after the discovery deadline had passed, for the purpose of securing trial testimony. It allowed this because, among other things, the opposing party would suffer no prejudice given that the motion for leave to conduct the deposition was filed six weeks before trial. *Charles v. Wade*, 665 F.2d 661, 664–65 (5th Cir. Unit B 1982); *see also Franklin Bank, SSB v. St. Paul Mercury Ins. Co.*, No. H-07-2978, 2008 WL 11389636, at *2–3 (S.D. Tex. Sept. 24, 2008) (concluding prejudice would not result by allowing party to conduct deposition of witness after discovery deadline expired for purpose of securing trial testimony because motion filed five months before trial). *Charles* does not squarely govern Dr. Papin's motion, however, because Dr. Papin has already taken Dr. Mahoney's deposition once. But it is persuasive as it pertains to when the motion for leave to conduct a deposition for securing trial testimony is filed.

The Court must resolve Dr. Papin's motion under the applicable Federal Rules of Civil Procedure. Dr. Papin took Dr. Mahoney's first deposition nearly two years ago on November 18, 2020. [218-1]. The parties have already provided the Court with their deposition designations and objections to those designations. Dr. Papin does not present that he seeks to obtain *new* testimony from Dr. Mahoney.

3

Instead, he contends the jury would benefit from hearing Dr. Mahoney testify via video rather than having her November 18, 2020, deposition read aloud. Accordingly, Dr. Papin's request seeks "unreasonably cumulative or duplicative" testimony. Fed. R. Civ. P. 26(b)(2)(C).

Moreover, Dr. Papin "has had ample opportunity to obtain" Dr. Mahoney's testimony. *Id.* This proceeding has been stayed multiple times. *See* [216] at 2. And again, Dr. Papin does not contend he seeks new information from Dr. Mahoney, merely that he seeks "live testimony" for trial. Although *Charles* does not govern Dr. Papin's motion, the Court notes that Dr. Papin filed his motion a week and a half before trial. If his motion is granted, it would certainly result in inconvenience to the parties considering the ample opportunity Dr. Papin has had to motion the Court for leave to depose Dr. Mahoney for trial purposes. *See Charles*, 665 F.2d at 664–65. Dr. Papin has known since, at least, the pretrial conference that UMMC had not secured Dr. Papin's presence for trial. [219] at 1–2. Unlike in *Knuth*, the "particular facts in this case" do not dictate the Court must grant Dr. Papin's motion. *Knuth*, 2020 WL 6742800, at *6.

IV.   Conclusion

The Court has considered all challenges raised by the parties. Challenges not addressed would not have changed the Court's decision. For these reasons, Dr. Papin's [217] Motion for Leave to Conduct the Videotaped Trial Deposition of Meagan Mahoney is DENIED.

4

SO ORDERED AND ADJUDGED, this the 3rd day of October, 2022.

                                                    s/ *Kristi H. Johnson*
                                                    UNITED STATES DISTRICT JUDGE