# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOSEPH PAPIN                                                     PLAINTIFF

V.                                                  NO.: 3:17-CV-00763-KHJ-FKB

UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER                                                      DEFENDANT

## DEFENDANT'S TRIAL BRIEF
## REGARDING PLAINTIFF'S EVIDENCE RELATED TO OTHER RESIDENTS

Defendant University of Mississippi Medical Center ("UMMC") files this trial brief to provide the Court with additional authority in advance of its objections to Plaintiff's attempts to elicit testimony or offer evidence regarding the treatment of other medical residents. Though the Court denied Defendant's attempts to exclude such evidence at the Motion in Limine stage, Defendant maintains its objection that such proof is irrelevant to Plaintiff's remaining breach of contract claim and that any colorable probative value is substantially outweighed by the risk of confusion, misleading the jury, or prejudice.

This Court held at the summary judgment stage that a "genuine dispute of facts exists as to whether UMMC had cause to terminate Dr. Papin's employment, and this issue is appropriate for the jury to resolve." Order [Doc. 170], p. 49. Although Plaintiff has argued without authority that evidence related to "whether Plaintiff was treated differently from other residents" is relevant to his breach of contract claim because it is "indicative of whether Plaintiff is in fact or Defendant genuinely even believed Plaintiff is guilty of 'malfeasance, inefficiency, or contumacious conduct,'" courts have routinely found such evidence irrelevant and inadmissible in breach of contract actions.

As this Court has already noted, the remaining question is whether UMMC had cause to

terminate Dr. Papin's contract; not at issue in this action is whether UMMC had cause to terminate the contracts of other residents. The Mississippi Supreme Court addressed a similar issue in *Hoffman v. Board of Trustees of East Mississippi Junior College*, where the college eventually terminated an employee for cause despite similar past conduct. *Hoffman v. Bd. of Trustees, East Miss. Jun. Coll.*, 567 So.2d 838, 842 (Miss. 1990). On appeal, the employee argued that the college did not have cause to terminate him because it had previously allowed such conduct. The Mississippi Supreme Court rejected that argument, finding that "[t]he fact that a school district tolerates sub-standard performance under circumstances such as these hardly constitutes a waiver of the district's prerogative to rely on just cause when it exists and terminate an employment contract." *Id*. The proper question instead was "**whether [the professor] [was] in substantial breach of material features of his contract, not how long this [had] been so, nor whether his employer [had] failed to act upon similar past deficiencies**." *Id*. (emphasis added).

In *Simpson v. Holmes County Board of Education*, the Mississippi Court of Appeals applied that same reasoning to the termination of a superintendent who was terminated after he had been given a contract extension for events that occurred prior to the contract extension. *Simpson v. Holmes Cnty. Bd. of Educ.*, 2 So. 3d 799, 804 (Miss. Ct. App. 2009). Again, the court focused its analysis on whether there was just cause to terminate the employment contract, not peripheral events unrelated to that central issue. *Id*.

These rulings are consistent with other courts around the country regarding arguments of comparison in the context of breach of employment actions. As the Seventh Circuit has held, in a breach of contract dispute, the sole question is "whether 'just cause' existed for the action of the company in firing the appealing employees.'" *F.W. Woolworth Co. v Misc. Warehousemen's*

*Union*, 629 F.2d 1204, 1218 (7th Cir. 1980). Or as put by another state court, "[a]s a general proposition, 'good cause exists only where a discharge is objectively reasonable.'" *Rath v. Gallup, Inc.*, 1999 Neb. App. LEXIS 300, *39 (Neb. Ct. App. Nov. 2, 1999) (quoting 30 C.J.S., § 60 at 104)). "An employer may elect to take advantage of the breach of an employment contract by an employee and discharge the employee for the breach, or the employer may choose to ignore the breach or take advantage of it in another fashion, but that action should not bind the employer to treat other employees in the same fashion for similar conduct." *Id*.

Accordingly, how the employer has treated other employees is generally irrelevant and inadmissible in the context of a breach of contract action. *Id*. (noting that the plaintiff was unable to cite any breach of contract cases that "admit[ted] the treatment of other employees as relevant to the issue of good cause for discharge under a contract" and that there were "so many reasons that it is clearly impractical to allow a comparison of the treatment of different employees, absent an alleged violation of discrimination laws."); *see also Kincaid v. Wells Fargo Secs.*, LLC, 2012 U.S. Dist. LEXIS 201477, *6 (N.D. Okla. May 1, 2012) (finding discovery related to other employees irrelevant under Rule 26 because "Plaintiff's breach of contract action [was] based on Plaintiff's allegations that he was not fired for 'cause' as that term was defined in Plaintiff's [contract] . . . These allegations rise or fall on the specific details of [Plaintiff's] case, not those of other employees."); *Bird v. PSC Holdings I, LLC*, 2013 U.S. Dist. LEXIS 194204, *12 (S.D. Cal. Apr. 5, 2013) ("It is not apparent how the terms of other contracts bear on whether Defendants breached Plaintiff's contract or what events might have taken place before her contract was signed."); *Harstad v. Whiteman*, 338 S.W.3d 804, 816 (Ky. Ct. App. 2011) (affirming trial court's decision to exclude evidence related to other employees and noting "we conclude, as we have before in another employment contract breach case, that "[e]vidence

relating to other contracts would have been irrelevant and confusing."); *Humana, Inc. v. Fairchild*, 603 S.W.2d 918, 921 (Ky. Ct. App. 1980) ("Evidence relating to other contracts would have been irrelevant and confusing.").

Here, Plaintiff obtained discovery related to other residents when his Title VII claim was still pending, and now generally asserts that UMMC's employment actions with regard to other residents is relevant to whether "Defendant genuinely believed or Plaintiff did in fact engage in 'malfeasance, inefficiency, or contumacious conduct.'" Pl.'s Resp. to Def.'s Mtn. in Limine, p. 13 [Doc. 187]. Plaintiff is wrong.

As noted by other courts, whether an employer could have terminated another employee is irrelevant as to whether the employer had cause to terminate the plaintiff. Papin's breach of contract claim must rise or fall based on its own merits, and Plaintiff's attempt to introduce evidence related to UMMC's handling of other personnel matters is irrelevant to Plaintiff's claims. Moreover, any probative value is necessarily outweighed by the risk of confusing the issues, misleading the jury, wasting time, and/or unfair prejudice. As such, UMMC will object to Plaintiff's attempts to introduce such evidence throughout the trial.

This, the 10th day of October 2022.

Respectfully submitted,

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER

*/s/ J. Andrew Mauldin*
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
*Attorneys for Defendants*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055

Facsimile: (662) 236-0035
*pwatkins@mayomallette.com*
*dmauldin@mayomallette.com*